570 So.2d 77 (1990)
STATE of Louisiana
v.
Michael J. GRANIER. consolidated with
STATE of Louisiana
v.
Walker J. LIRETTE.
No. 90-KA-0117, 90-KA-0118.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1990.
William J. Guste, Atty. Gen., Darryl W. Bubrig, Sr., Dist. Atty., Pointe-A-La-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Timon Webre, Pointe-A-La-Hache, for defendant-appellant Michael J. Granier.
Peter A. Barbee, Pointe-A-La-Hache, for defendant-appellant Walker Lirette.
Before SCHOTT, C.J., and KLEES and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Defendants, Michael J. Granier and Walker J. Lirette, were convicted of distribution of marijuana (R.S. 40:966(A)(1)). Granier was sentenced to ten years at hard labor and Lirette was sentenced to two years at hard labor.
Defendants assert that the trial judge erred when he questioned a juror outside the presence of the defendants in violation of C.Cr.P. art. 831.
After the first day of trial, the trial judge received a phone call from a juror's father reporting that the juror's brother had been in a fight with defendant Granier's brother. Before trial began the following day, the trial judge extensively questioned the juror in his chambers. Over the objection of both defense attorneys, the trial judge refused to have the defendants present during questioning. The juror was retained.
*78 C.Cr.P. art. 831 provides, in part, that "[a] defendant charged with a felony shall be present: (3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or a juror." The proceedings in the judge's chambers were for the express purpose of determining whether the juror should be discharged.
In State v. Lewis, 531 So.2d 1169 (La. App. 4th Cir.1988), the trial court began voir dire in the defendant's absence over the objection of defense counsel. The court noted that C.Cr.P. art. 831 mandates defendant's presence during jury selection, except when the defendant is voluntarily absent. The trial judge has no discretion to make other exceptions.
Defendants have shown that the trial judge failed to comply with the mandatory language of C.Cr.P. art. 831 and that their exclusion from the questioning of the juror was involuntary. The trial judge's failure to comply with C.Cr.P. art. 831 was not harmless error.
Accordingly, the judgment of the trial court is reversed and the case is remanded for retrial.
REVERSED AND REMANDED.