614 So.2d 723 (1993)
STATE of Louisiana
v.
Travis FEDRICK.
No. 92-KA-789.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Gregory A. Miller, Norco, for defendant, appellant.
*724 Before BOWES, WICKER and CANNELLA, JJ.
WICKER, Judge.
Travis Fedrick appeals his conviction by guilty plea of possession with intent to distribute cocaine, a violation of La.R.S. 40:967 A(1). The issue in this appeal is whether the evidence against him should have been suppressed because of a defective search warrant. We affirm.
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant." La.C.Cr.P. art. 162. Probable cause consists of facts and circumstances sufficient to support a reasonable belief that an offense has been committed and that evidence of the crime or contraband may be found at the place to be searched. These facts and circumstances must be within the affiant's knowledge and based upon reasonably trustworthy information. State v. Bourg, 470 So.2d 291 (La.App. 5th Cir. 1985), writ denied 475 So.2d 354 (La.1985). The issuing judge or magistrate should
make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). This decision is entitled to great deference. State v. Landry, 557 So.2d 331 (La.App. 3rd Cir.1990), writ denied 561 So.2d 114 (La.1990).
We find that the state has shown probable cause to issue the warrant. The affidavit recites that the affiant received his information from a documented confidential informant who was known to be reliable; that previous information from this informant had resulted in the arrest of two persons and the seizure of both money and a car; that the informant would be able to purchase cocaine from Mr. Fedrick's roommate, Bobby Hymel; that the buy would have to take place away from the trailer shared by Mr. Fedrick and Mr. Hymel and in a nearby apartment because Mr. Fedrick limited access to the trailer; that Mr. Fedrick and Mr. Hymel had dried marijuana and growing marijuana inside the apartment; that Mr. Hymel stored his marijuana inside the trailer and a nearby garage; that he gave the informant money to make a purchase from Mr. Hymel; that Mr. Hymel left the apartment and returned with the cocaine in about the right amount of time to make a round trip from the apartment to the trailer; that the substance the informant purchased was field-tested as cocaine; and that intelligence information indicated that Mr. Fedrick was also involved in the distribution of illegal controlled dangerous substances.
The arresting officer, Detective George Breedy, testified at the suppression hearing. He reiterated the allegations in his affidavit, adding that Mr. Fedrick would not allow narcotics transactions in the trailer and that was the reason for making the cocaine buy elsewhere. With the help of a narcotics dog during the search of the trailer, he found a bag of cocaine secreted in the headboard of the bed in Mr. Fedrick's bedroom. Cocaine was also found elsewhere in the trailer and in Mr. Hymel's pocket, and drug paraphernalia was found in a dresser drawer in Mr. Fedrick's bedroom. He testified that Mr. Hymel told the informant that cocaine was stored in the trailer.
The judge rightly refused to suppress the evidence seized pursuant to this warrant. We therefore affirm Travis Fedrick's conviction of possession with intent to distribute cocaine and the resulting suspended sentence and probation.
AFFIRMED.