630 So.2d 321 (1993)
STATE of Louisiana
v.
Surge J. SHERMAN.
No. 93-KA-608.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1993.
*322 John M. Mamoulides, Dist. Atty., Terry Boudreaux, Asst. Dist. Atty., 24th Judicial Dist., Gretna, for appellee.
Bruce G. Whittaker, Gretna, for appellant.
Before DUFRESNE, WICKER and CANNELLA, JJ.
WICKER, Judge.
The defendant was indicted for the first degree murder of Kariem Jones on August 1, 1991, in violation of LSA-R.S. 14:30.[1] When arraigned on the charge on August 16, 1991, the defendant entered a plea of not guilty.[2] The defendant proceeded to trial on July 24, 1992, and the following day defense counsel filed a motion for mistrial and to withdraw as counsel for defendant, which the trial court granted. With new representation the defendant proceeded to a second trial. Prior to the commencement of the second trial on October 28, 1992, the state amended the indictment to charge the defendant with second degree murder, in violation of LSA-R.S. 14:30.1; and at the conclusion of the 9-day trial, the jury returned a verdict of guilty as charged. On January 29, 1993, the trial court heard a motion for new trial and held the matter open for further proceedings. On April 14, 1993, the trial court concluded the hearing and denied the motion. The defendant then waived sentencing delays and the trial court sentenced him to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence but *323 with credit for time served. The defendant now appeals. We affirm.
The testimony at trial set forth the following. On the evening of June 28, 1991, Kariem Jones went to the apartment of William James which was located in Metairie, Louisiana. Once inside the apartment Jones was prevented from leaving by the occupants, which included James, Ronald Toney, Christopher Brazell and Hulus Lizana who suspected that the defendant had "set up" an armed robbery which took place earlier that evening in Robert Sowell's apartment in the complex. When Sowell was contacted and informed that Jones was being held in James' apartment, he stated that he wanted to question him regarding his involvement in the robbery.
The defendant, who was driving around in his own vehicle accompanied by Shon Jefferson, was contacted by beeper and asked to pick up Sowell and his girlfriend, Nikkie Riley, and bring them to the apartment. Riley, who was inside Sowell's apartment at the time of the robbery and was held at gunpoint, remained in the defendant's vehicle while Sowell entered James' apartment. When questioned by Sowell, Jones denied any involvement in the robbery. Sowell then struck Jones several times and James stated "Let's take a ride to get from around my house with this."
Thereafter, Jones was marched out of the apartment at gunpoint and placed in Brazell's vehicle. Brazell, James and Toney entered the vehicle while the defendant, Jefferson, Lizana, Sowell and Riley entered the defendant's vehicle. The two vehicles drove off, led by the defendant's vehicle; and later, Toney and Sowell switched vehicles while stopped for a traffic light. Eventually, the vehicles stopped on Hamlet, a deserted deadend street in Kenner, Louisiana.
After everyone exited from the vehicles, Jones was beaten and later shot several times by the defendant with a 9-millimeter gun. James also shot Jones once with a .38 caliber gun. Leaving Jones behind, the vehicles began to drive off when someone inside the defendant's vehicle noticed that Jones' arm was moving. The defendant then exited the vehicle and after stating that he wanted to make sure he was dead, he repeatedly shot Jones.
Jones' body was found on the morning of July 3, 1991 by a city road maintenance worker. After the body was removed, several 9-millimeter casings and projectiles were recovered from the immediate vicinity. An autopsy revealed that the cause of death was multiple gunshot wounds to the thorax, one of which perforated the cervical spine from the rear.
The defendant assigns the following errors:
1. The trial court erred in placing undue restrictions upon appellant's cross-examination of his accomplices concerning the consideration they received from the state in exchange of their testimony;
2. The trial court erred in permitting the examination and discharge of jurors out of the presence of the appellant, and
3. Also assigned as error are any and all errors patent on the face of the record.
The defendant contends that the trial court committed reversible error by restricting his cross-examination of three of his accomplices concerning the consideration they received from the state in exchange for their testimony.
The confrontation clause of our state constitution directly affords each accused the right "to confront and cross-examine the witness against him ..." La. Const. art. 1, § 16; State ex rel Nicholas v. State, 520 So.2d 377 (La.1988).
At trial Brazell, Toney, Riley, Sowell and Lizana all testified for the state in exchange for guilty pleas to manslaughter. Their testimony, except for that of Sowell, implicated the defendant as the perpetrator of the murder. Through cross-examination, defense counsel sought to discredit their testimony by showing bias.
The defendant argues that the cross-examination of Nikkie Riley was improperly curtailed in that counsel was not allowed to delve into her interest in pointing the finger away from herself and her boyfriend, Sowell, nor was he permitted to determine whether she had testified against Sowell. However, *324 defense counsel was allowed to present evidence which tended to show the bias of Riley. On cross-examination, Riley testified that she was originally charged with first degree murder, but that she pled guilty to manslaughter in exchange for her testimony. She indicated that she would be sentenced following her testimony and that Sowell was her boyfriend. She stated that it was in her best interest to testify because she did not want to be executed or go to jail for the rest of her life. Thus, there was no denial of the right of effective cross-examination because defense counsel fully questioned Riley about her bias and motivation in testifying against the defendant.
The defendant also argues that the cross-examination of Hulus Lizana was improperly curtailed. During cross-examination, defense counsel questioned Lizana about a narcotics charge against him in Mississippi. Specifically, defense counsel was attempting to determine whether dismissal of that charge formed part of Lizana's plea agreement with the state in this case. However, based on the state's relevancy objection, the trial court disallowed any specific questioning about the Mississippi charge. The court did permit defense counsel to ask Lizana if anything else was offered to him by the state in his plea agreement, other than the items already covered in his extensive cross-examination regarding the substance of his plea agreement. The following exchange then occurred:
Q. [Defense counsel] Was there anything else in your plea bargain agreement with anything else that may have been held over your head?
A. [Hulus Lizana] No.
Thus, although defense counsel was not permitted to specifically ask about the Mississippi narcotics charge, he was given full latitude to cross-examine Lizana about the benefits derived in the plea bargain with the state. Evaluating the entire cross-examination of Lizana about the plea agreement, it cannot be said that the defense was not given the right to expose Lizana's motivation for testifying against the defendant. State v. Brady, 381 So.2d 819 (La.1980).
Finally, the defendant argues that he was not allowed to cross-examine Ronald Toney about his "incredibly lenient deal" nor was he allowed to cross-examine him about other charges in other parishes which may have been a part of the deal. During cross-examination, defense counsel questioned Toney regarding his sentence and he stated that he was sentenced to three years for his manslaughter plea and he had already served half of his sentence. In response to counsel's questioning, he indicated that he was sentenced last month which was almost eight months after his guilty plea, and he noted that he was getting credit for that time served since the date of his arrest. Although the above evidence raised an inference of bias, defense counsel should have been permitted to establish whether other charges in other parishes were included in the plea agreement in order to fully develop the details of the plea agreement. See State v. Bennett, 550 So.2d 201 (La.App. 3rd Cir. 1991) where the court found that the defendant was denied the right of effective cross-examination when he was not permitted to develop more fully the details surrounding the plea agreement. As such the defendant was denied the right of effective cross-examination.
However, that denial is subject to a harmless error analysis.[3]Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); State v. Rosales, 498 So.2d 66 (La.App. 5th Cir.1986). The correct inquiry is whether assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or *325 absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of the cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case. Delaware v. Van Arsdall, supra.
Here, Toney's testimony was merely cumulative in that Brazell, Riley and Hulus all testified that the defendant repeatedly shot Jones. Therefore, the denial of the right of cross-examination was harmless beyond a reasonable doubt.
The defendant also contends that the trial court erred in permitting the examination and discharge of potential jurors outside the presence of the defendant and therefore his conviction should be reversed in accordance with State v. Granier, 570 So.2d 77 (La.App. 4th Cir.1990) and State v. Lewis, 531 So.2d 1169 (La.App. 4th Cir.1988).
While selecting the jury, numerous potential jurors were examined, challenged and excused during bench conferences or in chambers outside the presence of the defendant; however, defense counsel did not make a contemporaneous objection to his client's remaining seated at counsel table while parts of the jury selection were being conducted in his absence.
LSA-C.Cr.P. art. 841(A) provides in pertinent part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
Because defense counsel failed to make a contemporaneous objection as required by LSA-C.Cr.P. art. 841(A), the defendant is precluded from raising this issue on appeal. Furthermore, the defendant's reliance on Granier, supra, and Lewis, supra, is misplaced in that in each of those cases objections were made by defense counsel.
An error patent review reveals the following error.
The minute entry and commitment, unlike the sentencing transcript, fail to reflect that the defendant was given credit for time served prior to the imposition of his sentence. Since the transcript prevails[4], it is ordered that the minute entry and commitment be amended to reflect credit for time served.
CONVICTION AFFIRMED; MINUTE ENTRY AND COMMITMENT AMENDED AND AS AMENDED SENTENCE IS AFFIRMED.
NOTES
[1] The indictment also charged William James, Jr., Christopher Brazell, Ronald Toney, Nikkie R. Riley, Shon Jefferson, Robert A. Sowell and Hulus Lizana with the offense and they pled guilty to manslaughter.
[2] There is no minute entry in the record regarding the arraignment; however, at trial the clerk indicated the defendant had been arraigned on August 16, 1991.
[3] A substantial denial of the right of cross examination cannot be regarded as harmless error. State v. Nash, 475 So.2d 752 (La.1985).
[4] It is well settled that where there is a discrepancy between the minutes and transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732 (La.1983).