643 So.2d 1306 (1994)
STATE of Louisiana
v.
Jesse J. GRACE, III.
No. 94-KA-295.
Court of Appeal of Louisiana, Fifth Circuit.
September 27, 1994.
John M. Mamoulides, Terry M. Boudreaux, Leigh Anne Wahl, Dist. Attorney's Office, Gretna, for plaintiff/appellee, State of La.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant, Jesse J. Grace, III.
Before KLIEBERT, BOWES and CANNELLA, JJ.
*1307 BOWES, Judge.
The defendant, Jessie Grace, was convicted of second degree murder in violating LSA-R.S. 14:30.1 and was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant now appeals, assigning as the sole error that the trial court erred in prohibiting defense counsel from questioning a key prosecution witness concerning his potential bias or interest. We affirm the defendant's conviction and affirm the sentence with amendment.

FACTS
During the afternoon of February 21, 1993, the victim, John Wayne Palmer, and his girlfriend, drove to the Jefferson Place Apartments in Marrero, Louisiana in order to purchase crack cocaine. Palmer exited the vehicle and asked two men, Derek Hudson and Sherman Moses if they had any crack cocaine. Although Hudson and Moses were unable to supply the victim, they brought him to the defendant who was standing nearby. The defendant momentarily left the group and returned with drugs and a gun, identified by Moses as a "black 38, snub nose." The defendant then requested that the victim follow him to a nearby alleyway. According to Hudson and Moses, the victim paid the defendant and the defendant gave the victim drugs. However, the defendant suddenly struck the victim in the mouth with his gun and demanded that he relinquish the drugs and his money. The victim complied and pleaded for his life and proceeded to turn in order to leave the area when he was shot from behind, twice, by the defendant.
The autopsy performed on the victim revealed that he died as result of gunshot wounds above the right ear and on the right side of his back. Both bullets were fired from a gun behind and to the right of the victim at a distance greater than twelve inches. There were lacerations near the victim's mouth indicated that the victim had been struck by a blunt instrument.

ASSIGNMENT OF ERROR
On appeal, defendant alleges that the trial court erred in refusing to allow defense counsel to question the witness, Derek Hudson, concerning his arrest prior to trial and his alleged hope for leniency in exchange for his testimony. The defendant urges that the trial court, by excluding this evidence, "usurped the role of the jury in determining the credibility of a critical witness."
Derek Hudson, in his direct examination by the State, testified that the defendant committed the murder of the victim. Prior to Hudson's cross-examination, defense counsel indicated, during a side-bar conference, that he planned to question Hudson about the existence of pending drug charges against him. Defense counsel argued that this evidence may show Hudson's possible bias or prejudice against the defendant. The State objected to that line of questioning and the trial court conducted a hearing outside the presence of the jury in order to determine whether a "deal" between the witness and the State existed and whether or not the jury would be permitted to consider evidence of such a "deal."
The hearing revealed that a charge for the possession and distribution of cocaine was pending against Hudson. However, Hudson maintained that the state did not promise him anything in return for his testimony. Furthermore, Hudson emphatically denied the existence of any "deal" between himself and the state. At the conclusion of the hearing, the court ruled as follows:
This Court does not find that such a deal [between the witness and the state] exists, neither does it find based upon the testimony of this trial and the demeanor of this witness that any bias or prejudice or any deals exist such that this line of questions would be permitted before this jury. Therefore, I deny the defense's request to pursue this line of questioning before the jury.
Defendant now contends that this ruling was in error.
The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const.Amend. VI. Moreover, the confrontation clause of the Louisiana State Constitution directly affords the accused the *1308 right "to confront and cross-examine the witness against him...." La.Const. Art. 1, Sec. 16. Nevertheless, this right to cross-examine a witness is curtailed by evidentiary rules embodied in the Louisiana Code of Evidence.
LSA-C.E. art. 609.1 entitled "Attacking credibility by evidence of conviction and crime in criminal cases" provides in pertinent part:
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
However, "Paragraph B's use of the word `generally' presumably acknowledges the possible use of arrests, indictments and the like where independently relevant to show bias." Handbook in Louisiana Evidence Law, Pugh, Force, Rault and Triche (1994).
In addition, LSA-C.E. art. 609(F), relative to civil proceedings, provides:
... [e]vidence of the arrest, indictment, or prosecution of a witness is not admissible for the purpose of attacking his credibility.
Official Comment (d) to Article 609 provides that:
Paragraph F is not intended to change the prior jurisprudence to the effect that evidence of arrest, indictment or prosecution may be admitted if it has relevance independent of the suggestion that the witness is unworthy of belief, as, for example, when independently relevant to show bias.
Although Article 609 applies to attacking the credibility of a witness in civil proceedings, the quoted comment cites criminal cases as its support.
In addition, LSA-C.E. art. 607(D)(1) states that "[e]xcept as otherwise provided by legislation: extrinsic evidence to show a witness' bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness." Thus, Louisiana law allows the introduction of a witness' arrest and possible hope for leniency to show bias or interest in certain cases.
The Fourth Circuit in State v. Smith, 591 So.2d 1219, 1225 (La.App. 4 Cir.1991), reh'g denied, 604 So.2d 995 (La.1992) interpreted LSA-C.E. art. 609.1B under circumstances similar to this case, and found that the admission of evidence of a prior arrest is limited to special circumstances. More specifically the court said:
When the purpose is to show that the witness has bias or prejudice against a defendant or party to the litigation, the witness may be examined on the issue to establish the bias, prejudice, corruption or interest. This includes evidence of the existence of any agreement or deal with the State whereby the witness receives any benefit or gain in exchange for the testimony given ... However, because of the potential prejudice to the witness and adverse parties, this issue should be raised in a motion in limine outside the presence of the jury. The trial court shall conduct a hearing outside of the jury's presence to determine the admissibility of the evidence.

Smith, 591 So.2d at 1225.
In the case sub judice, the trial court properly conducted a hearing outside the presence of the jury to determine whether a deal between the witness and the State existed and whether or not the jury would be permitted to consider evidence of such a deal. In its ruling, after a complete and thorough hearing, the trial court found absolutely no evidence of a deal or any other indicia of bias or prejudice which would justify a cross-examination of Derek Hudson regarding pending criminal charges against him. Therefore, the trial court correctly refused to allow a cross examination of Hudson on charges against him. Smith, supra.
Accordingly, we find that defendant's assignment of error is absolutely meritless.
However, assuming arguendo that the trial court improperly restricted defendant's right to cross-examination, we believe that such error was harmless in this case.
As a witness to the shooting, Hudson's testimony was clearly important. However, his testimony was not only uncontradicted, it was also corroborated by the testimony of *1309 Sherman Moses. As did Hudson, Moses witnessed the defendant strike the victim in the face with a gun. An autopsy revealed that the victim's facial lacerations were the result of a blow by a blunt object. Further, both Hudson and Moses testified that the victim pled with the defendant prior to being shot by what Moses described as a "black 38, snubbed nose." The testimony of a firearms expert revealed that the two bullets removed from the victim's body were fired from a thirty-eight caliber revolver.
Because of the overwhelming evidence of the defendant's guilt, the strength of the state's case is not undermined by the assumption that the trial court improperly restricted the defendant's right to cross-examine Hudson. Therefore, we conclude that, even assuming that the trial court improperly restricted defense counsel's cross examination of Derek Hudson, such error was harmless. See State v. Sherman, 630 So.2d 321 (La.App. 5 Cir.1993).
Finally, we have reviewed the record for errors patent in compliance with LSA-C.Cr.P. art. 920 and note that the trial court failed to give the defendant credit served for time spent in actual custody prior to the imposition of sentence as mandated by LSA-C.Cr.P. art. 880. Therefore, we order that the sentence, and the minute entry and the commitment reflecting the sentence, be amended to give defendant credit for time served in actual custody prior to the imposition of sentence.
For the above discussed reasons, the defendant's conviction for second degree murder is affirmed. The sentence, and the minute entry and commitment of the sentence, are amended to give defendant credit for time served. The sentence is otherwise affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED, AS AMENDED.