649 So.2d 80 (1994)
STATE of Louisiana
v.
Louis BOYD.
No. 94-KA-641.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1994.
Rehearing Denied February 17, 1995.
*81 Harry J. Morel, Jr., Dist. Atty. and Emile R. St. Pierre, Asst. Dist. Atty., Hahnville, for appellee.
Mark A. Marino, Destrehan, for appellant.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
On November 16, 1993 Louis Boyd was charged in a six-count bill of information with the following offenses: Count I, possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A)(1); Count II, possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A)(1); Count III, possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1; Counts IV, V and VI, distribution of cocaine, violations of La.R.S. 40:967(A)(1).
The defendant pleaded not guilty and filed several pretrial motions, including a motion to suppress the evidence. After a hearing the motion to suppress was denied. Prior to trial, the defendant filed a motion to sever Count III, possession of a firearm by a convicted felon, in which the prosecution concurred. The trial court granted the motion and Count III was severed.
After a jury trial on the other five counts, the jury returned the verdict of guilty as charged on each count. The trial court ordered a sentencing guideline report and a presentence investigation report. The defendant filed a motion for new trial, which was denied. On May 10, 1994, the defendant was sentenced as follows: on Count I, possession with intent to distribute cocaine, eight years; on Count II, possession with intent to distribute marijuana, six years and payment of a fine of $10,000.00; on Counts IV, V and VI, distribution of cocaine, 13¾ years on each count. The defendant was given credit for time served on all counts and each sentence *82 was to run concurrent with the other sentences.
The defendant has appealed, raising the following assignments of error:
1. The trial court erred in allowing testimony of scientific results which were not properly before the jury.
2. The trial court erred in denying the motion to suppress the evidence found in the vehicle in the front of the defendant's alleged home.
3. The trial court erred in denying the motion to suppress the evidence seized pursuant to the search warrant.
4. The trial court erred when it allowed witnesses for the State to testify to their opinion as to facts outside of their personal knowledge and training.

FACTS
Shortly after midnight on September 11, 1993, St. Charles Parish Sheriff's Office deputies executed a search warrant at 29 Cathy Street in Norco, Louisiana. As a result of the search of the house at this location, the officers seized numerous items including a dish containing a razor blade and a white rock-like substance, a scale containing white residue, test tubes containing white residue, clear plastic bags containing green vegetable material, and a plastic bag containing a white residue. Additionally, items such as baking soda, mouthwash, a plastic knife, and a spoon were found in the same bedroom where the other items were found. Three brown medicine bottles containing a white residue and a white rock-like substance were seized from the front seat and console of a Mercedes-Benz automobile parked in front of the residence. Subsequent lab analysis indicated that the green vegetable material was marijuana and the white rock-like substance and white residue were cocaine.
The defendant was arrested prior to the actual search of the residence when he was seen walking a half-block from the residence. More than $2,000 in cash was seized from the defendant, but no drugs were found on him.
The search warrant was based upon an anonymous telephone call received by law enforcement officials regarding alleged drug trafficking by the defendant and on three alleged sales of crack cocaine to an undercover agent in July of 1993. Agent Jerry Butler of the St. Mary Parish Sheriff's Office testified that he was assigned to St. Charles Parish in July of 1993. On July 2, 1993, while driving along Cathy Street in Norco with a confidential informant, Butler saw the defendant in front of a residence. When Butler asked the defendant about buying crack cocaine, the defendant went inside the house at 29 Cathy Street. A minute later, the defendant returned and sold Butler a white rock-like object. The same evening, a short time later, Butler returned to the location and saw the defendant sitting on the porch of the same residence. Again, the defendant sold the agent a substance the agent suspected to be crack cocaine. On July 15, 1993, Butler was again in the same area. While driving down Cathy Street, Butler saw the defendant and purchased another rock-like substance which appeared to be crack cocaine. Subsequent lab analysis showed that the three substances contained cocaine.
During the first transaction, the confidential informant told Butler the seller's name was Louis and that he thought his last name was Brown. Subsequently, after the sales, Butler positively identified the defendant, Louis Boyd, in a photographic lineup.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant contends the trial court erred in allowing testimony of scientific results which were not properly before the jury. The defendant argues that the trial court erred in admitting testimony regarding the drug analysis reports. Specifically, he argues that the State failed to give the proper statutorily-required notice of its intent to use the certificate of analysis as proof of contraband seized pursuant to the search warrant. Additionally, he contends that the trial court improperly allowed hearsay testimony of Officer Carl Mack regarding the criminal lab results of tests conducted on this evidence.
The State argues that the record indicates it gave timely notice to the defendant of its *83 intent to use the crime-lab certificate as proof. Also, it argues that if the trial court erred in allowing the testimony of the crime scene technician, then this error is harmless, because the results would have come into evidence.
The record indicates that the defendant made no objection to the introduction of the laboratory analysis certificate. The defendant had ample opportunity both prior to and during trial to object to this report introduced by the State. As he failed to do so, defendant is precluded from raising this issue on appeal. La.Code Crim.P. art. 841; State v. Soler, 93-1042 (La.App. 5th Cir. 4/26/94), 636 So.2d 1069, 1074, writ denied, 94-0475 (La. 4/4/94), 637 So.2d 450; State v. Sherman, 630 So.2d 321, 325 (La.App. 5th Cir.1993), writ denied, 94-0258 (La. 5/6/94), 637 So.2d 1046.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant contends the trial court erred in denying his motion to suppress the evidence seized from a vehicle parked in front of the defendant's alleged home at the time the search warrant was executed. The State argues that the vehicle parked in front of the residence off the roadway was on the "premises" of the described address and, therefore, the vehicle was included in the warrant. Alternatively, the State contends that if the vehicle was not part of the premises or "curtilage," the items were seized under the plain view exception.
We do not address the substance of this assignment, however. Even if the trial court did err in denying the motion to suppress the evidence seized from the vehicle, the error is harmless. The cocaine seized from the defendant's bedroom in the searched residence was sufficient evidence to convict the defendant of the offense of possession with intent to distribute cocaine. The allegedly inadmissible evidence was not necessary for defendant's conviction and, thus, any error was harmless. See State v. Gibson, 391 So.2d 421 (La.1980).

ASSIGNMENT OF ERROR NUMBER THREE
The defendant asserts the trial court erred in denying the motion to suppress the evidence seized pursuant to the search warrant. In this assignment of error, the defendant contends that the affidavit in support of the search warrant does not set forth sufficient facts to establish probable cause to believe that there were drugs in the residence listed in the warrant.
The State argues that a totality of the circumstances supports a finding that probable cause existed for the warrant. It contends the facts that there were three prior undercover sales from the defendant in front of the residence, that the defendant had prior arrests for possession and distribution of drugs, that the residence was the defendant's known residence, and that a call to the drug hot-line corroborated the use of the premises as the defendant's base of operations support the finding of probable cause.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Code Crim.P. art. 162. "Probable cause consists of facts and circumstances sufficient to support a reasonable belief that an offense has been committed and that evidence of the crime or contraband may be found at the place to be searched. These facts and circumstances must be within the affiant's knowledge and based upon reasonably trustworthy information." State v. Fedrick, 614 So.2d 723, 724 (La.App. 5th Cir.1993); State v. Bourg, 470 So.2d 291 (La.App. 5th Cir. 1985), writ denied 475 So.2d 354 (La.1985). As stated in Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983):
[T]he issuing judge or magistrate should make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
*84 This decision is entitled to great deference. State v. Fedrick, supra.
The State has shown probable cause to issue the warrant. The affidavit recites that the affiant was an agent who "maintained a rolling surveillance" of an undercover agent who made three suspected narcotics purchases from defendant during July of 1993 in front of the residence at 29 Cathy Street in Norco, which was the subject of the search. The affiant also stated that the defendant had numerous prior arrests for possession and distribution of marijuana and cocaine. Additionally, the affidavit notes that there were outstanding attachments for the defendant's "failure to comply with substance abuse treatment and also for failure to appear in court."
The affidavit also recites facts concerning a telephone call from an anonymous female caller which was received on the drug hotline on the afternoon of September 10, 1993. This caller stated that the defendant, who resided at 29 Cathy Street in Norco, Louisiana, had received a large quantity of marijuana and cocaine. Additionally, the anonymous tip included information that the defendant received 25 pounds of marijuana from Houston every Tuesday. The caller further stated that the defendant was a major drug dealer and "presently had a `lot of weed and cocaine in his room at 29 Cathy Street in Norco.'"
At the suppression hearing, Detective Ted Legendre of the St. Charles Parish Sheriff's Office reiterated the facts of the anonymous telephone call. He admitted that the message was actually left on the answering machine of a person with a telephone number similar to that of the drug hotline. The person who received the message called the drug hotline and related the information. Detective Legendre acknowledged that the caller did not state how she knew that the drugs were in the house and he admitted that the information in this anonymous call by itself would not have supported the issuance of a search warrant.
Detective Don Carter testified at the hearing on the motion to suppress that he was an agent during the three drug sales from the defendant to Agent Jerry Butler. Detective Carter's role was to cover Agent Butler if a danger was encountered. Although he did not actually see the transactions, he was told by Agent Butler that the sellers' name was Louis Boyd; Butler obtained this name from the confidential informant who was with him during the sales.[1] Detective Carter further testified that he prepared a photographic lineup regarding the suspected drug dealer and that Agent Butler identified Louis Boyd's picture.
We conclude there were sufficient facts to establish probable cause to issue the warrant. Therefore, the trial judge correctly refused to suppress the evidence seized pursuant to this warrant.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in allowing opinion testimony from Detective Breedy, who was not qualified as an expert. The defendant argues that this testimony concerned matters beyond the detective's personal knowledge. He further argues that the State failed to lay a proper foundation for opinion testimony, such as the detective's training or experience.
The State contends that the detective's testimony consisted of first-hand knowledge within the purview of La.Code of Evid. art. 701 and was not opinion testimony. It further argues that there was no contemporaneous objection to this testimony.
During the trial, Detective George Breedy, chief of the narcotics division of the St. Charles Parish Sheriff's Office, was questioned about the items seized from the defendant's bedroom. The assistant district attorney made a request to qualify Detective Breedy as an expert in the area of street packaging and sale of rock cocaine. Defense counsel objected to the intent to qualify the officer as an expert. During the argument *85 outside the jury's presence, the trial court stated that the officer could testify as to his knowledge and ordinary experience as a narcotics officer without being qualified as an expert. Questioning resumed and the detective was asked about several seized items and their possible use in making crack cocaine, and about the manner of packaging marijuana for distribution. There were no further objections by the defendant. Neither the prosecutor nor the defense attorney questioned this witness about his experience in the area of narcotics investigations or about his training.
Despite the State's argument that there was no contemporaneous objection, the record does indicate that defense counsel did make an objection when the State first attempted to qualify the detective as an expert.
La.Code of Evid. art. 701 states:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
Under the prior law, former La.R.S. 15:463, et. seq., the general rule was that lay witnesses could testify only as to facts within their personal knowledge. Individuals possessing special training or experience could give their opinion on questions requiring special knowledge as long as they stated the facts upon which their opinion was based. State v. Clay, 408 So.2d 1295, 1298 (La.1982).
Herein, it does not appear that the trial court allowed the detective to testify about matters which were not based upon his perceptions. Although the witness was not questioned extensively about his professional experience in the area of narcotics sales, his answers indicate that he was testifying based upon his knowledge and personal experience. Thus, we find no error in the trial court's admission of this testimony.

ERROR PATENT
Our review of the record in this case discloses two patent errors. First, in sentencing defendant, the sentencing transcript reveals trial court failed to state the sentences were imposed "with hard labor." However, the minute entry indicates defendant was sentenced to time "with the Department of Corrections." Only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La.R.S. 15:824(C). Where there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732 (La.1983); State v. Richard, 525 So.2d 1097, 1101 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Therefore, the trial court should have stated "imprisonment at hard labor" when imposing sentence.
We shall not remand this matter for resentencing, however, because this sentence is an illegally lenient sentence, neither the defendant nor the State has raised this error on appeal, and correction of the sentence would have a chilling effect on the defendant's right of appeal. See State v. Fraser, 484 So.2d 122 (La.1986).
The second patent error we have noticed is that the sentencing court failed to inform the defendant of the prescriptive period for post-conviction relief as mandated by La.Code Crim.P. art. 930.8(C). In addressing this type of error patent, this Court previously has remanded the matter to the trial court and ordered it to inform the defendant of the provisions of La.Code Crim.P. art. 930.8. State v. Kershaw, 94-141 (La. App. 5th Cir. 9/14/94), 643 So.2d 1289. See also, State v. Procell, 626 So.2d 954 (La.App. 3rd Cir.1993); State v. McSweeney, 619 So.2d 861 (La.App. 3rd Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2nd Cir.1992). We shall follow the same procedure in this case.

DECREE
Accordingly, the defendant's conviction and sentence are affirmed, but the matter is remanded to the district court, which hereby is ordered to send written notice to the defendant of the provisions of La.Code Crim.P. art. 930.8 within ten days of the rendition of *86 this opinion and to file in the record of these proceedings written proof that the defendant received the notice.
CONVICTION AND SENTENCE AFFIRMED, CASE REMANDED WITH ORDER.
NOTES
[1] This testimony regarding the suspect's last name differs slightly from the testimony at trial about the name of the drug seller.