648 So.2d 1073 (1994)
STATE of Louisiana
v.
Berlin BYES.
No. 94-KA-611.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1994.
*1074 Linda Davis-Short, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Leigh Anne Wall, Louise Korns, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
Defendant, Berlin Byes, was charged by Bill of Information with one count of possession of cocaine in violation of La.R.S. 40:967(C). Prior to trial the court denied his motion to suppress the evidence. A jury subsequently found him guilty as charged. The court sentenced him to four years at hard labor with credit for time served. The state filed a multiple offender Bill of Information alleging his was a fourth felony offender. After the hearing the court found Byes to be a fourth felony offender. The trial judge sentenced him to serve 20 years at hard labor with credit for time served. Defendant has appealed.
On appeal the defendant has assigned the following errors:
1. The trial court erred in denying defendant's motion to suppress evidence;
2. The trial court erred in denying defendant his constitutional right to confront and cross-examine Deputy Ragas;
3. The trial court erred in allowing the state to make reference to defendant's incarceration pending trial, and
4. Also assigned as error are any and all errors patent on the face of the record.

MOTION TO SUPPRESS:
The defendant contends Deputy Ragas was not legally justified in stopping him. Thus, he argues the seizure of cocaine pursuant to that stop was a violation of his right against unlawful search and seizure. Byes raised this argument in a prior writ application to this court.[1] However, that denial of writs does not bar reconsideration of these issues on appeal. State v. Fontenot, 550 So.2d 179 (La.1989).
Furthermore,
In determining whether the ruling on a defendant's motion to suppress is correct, an appellate court is not limited to the evidence adduced at the hearing on the motion but may also consider pertinent evidence given at the trial. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Beals, 410 So.2d 745 (La.1982).
State v. Lambert, 550 So.2d 847 (La.App. 2nd Cir.1989) at 849.
The only witness to testify at the suppression hearing was the arresting officer, Deputy Joseph Ragas. At trial another witness to *1075 the incident testified in addition to Ragas: Bryant Rose.
At the suppression hearing Ragas testified similarly to the manner in which he testified at trial. He stated that around 12:40 a.m. on October 28, 1993 he was patrolling a known narcotics area. Ragas was alone in a marked unit. The area was one in which he had made arrests before. On this date he arrested Byes for possession of cocaine and possession of drug paraphernalia.
While in his patrol unit he saw two males acting suspiciously. They were trying to approach a third individual sitting in an alleyway. This area was one in which narcotics sales were usually made. Ragas thought a drug transaction might be taking place. As Ragas approached these individuals the one in the alleyway ran away. The other two began walking away from his unit.
They were walking toward a street which was also known for drug transactions. Ragas' lights were off in the unit and he continued to watch these two individuals. He did not know whether they were aware he was behind them. He turned a corner and approached them. He noted they were approximately 15 feet away from Byes at the time. He knew Byes from a prior drug conviction. He also knew Byes did not live at this location.
He then pulled his unit directly up to the two males and left the unit parked in the street. Because of the suspicious activity he was stopping to question them. He asked the three of them to step toward the unit. Ragas denied drawing his gun when he asked them to stop. When Byes saw Ragas physically outside the unit he dropped the items. Before Byes moved toward him Byes dropped two objects from his left hand onto the ground. Ragas saw the shimmer of a pipe, an object known to be carried by Byes in the past.
The three came toward the vehicle and Ragas conducted a N.C.I.C. computer search to check for records or warrants. He instructed the other two to leave the area. He then placed Byes in handcuffs to detain him in order to retrieve the objects. He explained that the units headlights were facing Byes and that there was additional lighting from the street light. When he stopped his unit he was approximately 15 or 20 feet away from Byes.
As he was detaining Byes another uniformed officer in a unit drove up. That officer stayed with Byes while Ragas collected the items. Ragas denied he had called for back-up. These items were later identified as a pipe used for crack cocaine and two rocks of crack cocaine. After retrieving the items he arrested Byes.
On cross-examination he was referred to the police report wherein he made no mention of the other two individuals. He explained that he had completed his investigation of the other two and this investigation was not necessary to Byes arrest.
At trial, Bryant Rose testified. He stated he was one of the three individuals stopped by Ragas. He denied speaking to someone in an alleyway. Instead, he testified he and his friend were walking when the police unit approached. At that time Byes was on the opposite side of the street. He also stated back-up was called and two other police cars arrived.
He testified that Ragas went to a pile of trash for approximately five minutes and then retrieved the items. However, Byes was not previously near this area.
The jury obviously did not believe Rose's testimony and resolved the issue of credibility in favor of the state. Under these circumstances the denial of the motion to suppress was based on a reasonable evaluation of credibility and not erroneous. The trial judge did not abuse his discretion. At the time Byes abandoned the cocaine and pipe he had neither been actually seized nor was a seizure imminent in light of the factors enunciated in State v. Tucker, 619 So.2d 38 (La.1993), on rehearing, 626 So.2d 720 (La. 1993) (opinion reinstated). Ragas was alone late at night in an area known for drug activity. He was outnumbered by the three individuals he stopped. He did not exit his vehicle with a drawn weapon nor did he draw it later. Ragas also testified Byes dropped the items upon simply seeing him.

*1076 CROSS-EXAMINATION:

Byes contends that the N.C.I.C. inquiry his attorney tried unsuccessfully to introduce as evidence at trial would have served to contradict Ragas' testimony regarding the "trip sheet" Ragas kept on the morning of the defendant's arrest, and thus would have allowed defense counsel to impeach the witness. Byes claims that the trial court's refusal to admit the document violated his constitutional right to confront his accusers.
Ragas testified on cross-examination that he is required to complete a document known as a trip sheet when on duty. He further testified that when he makes a stop to question individuals and check for outstanding warrants he indicates that on his trip sheet. If he is simply patrolling, he notes this on the trip sheet with the abbreviation "P and O". He makes entries as each activity is completed and turns in the trip sheet at the end of his shift. Any information Ragas calls in to headquarters over the radio is entered on the trip sheet.
Ragas identified Defense Exhibit No. 4 as the trip sheet he completed on October 28, 1994, the day of defendant's arrest. The document indicated that Ragas stopped defendant at 12:42 a.m. at 308 Ruby Street and that the stop was completed at 1:05 a.m.
After Ragas' testimony was completed and the state rested its case, there was a bench conference out of the presence of the jury. Defense counsel asked the court to admit as evidence Defense Exhibit No. 5, an N.C.I.C. Inquiry from the morning of the arrest. Counsel indicated that while Ragas had testified that he recorded on his trip sheet every call he made pursuant to a stop, the N.C.I.C. document showed a call Ragas made regarding the stop of another individual at 12:32 a.m. that did not appear on the trip sheet. Counsel argued that he intended to use the N.C.I.C. Inquiry to impeach the officer's testimony by showing a discrepancy between the procedure Ragas described and his actual activities on the date of defendant's arrest.
The trial judge denied counsel's motion, stating that evidence pertaining to a stop the officer made prior to stopping defendant was not relevant to defendant's case. The judge did, however, allow defense counsel to proffer the evidence.
If, as Ragas testified, he routinely records stops to question individuals and check for outstanding warrants, he should have recorded his stop of the individual noted on the N.C.I.C. document on his trip sheet. A discrepancy between proper police procedure and the procedure followed by Ragas was relevant material for cross-examination under the test set forth in State ex rel. Nicholas v. State, 520 So.2d 377 (La.1988). Thus, the trial court erred in excluding the N.C.I.C. Inquiry.
However, the denial of the right of effective cross-examination is subject to harmless error analysis. State v. Sherman, 630 So.2d 321 (La.App. 5th Cir.1993). This Court held in State v. Sherman, 630 So.2d at 324-5:
The correct inquiry is whether assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance or the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of the cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case. [citations omitted].
The evidence at trial tended to support Ragas' testimony and, overall, the state put on a strong case. Aside from the court's refusal to admit the N.C.I.C. Inquiry, defense counsel was nevertheless allowed to perform a thorough cross-examination. Considering the foregoing, any error the trial court committed in disallowing the proffered evidence is harmless.

*1077 REFERENCE/INCARCERATION:

Byes complains the prosecutor improperly asked defense witness Rose on cross-examination about the time defendant had spent in jail pending trial. Defendant contends that the state's reference to his pre-trial incarceration was prejudicial and deprived him of his Sixth Amendment right to a fair trial.
Prior to the commencement of trial, defense counsel filed a motion in limine, asking that the court caution the state "not to allude to, refer to or in any way bring before the jury any of the matters stated below, without first approaching the bench and making it known to the Court and defense counsel outside the presence of the jury that he intends to offer such proof." Defendant requested an instruction concerning the following:
a) Any reference to Berlin Byes (sic) prior arrests, prior convictions, or any prior dealings with Deputy Ragas, and
b) Any reference that Berlin Byes was known to Deputy Ragas to have carried a crack pipe, and
c) Any reference of Deputy Ragas knowing Berlin Byes from when Ragas worked in the jail, and
d) Any reference to any other stops or investigations of Berlin Byes other than the stop that he is on trial for in this matter, and
e) Any other type of reference that would indicate to the jury Mr. Byes' past criminal record or time he has spent in jail.
The state indicated it would not solicit the above information on direct. On cross-examination of Rose the prosecutor asked the following:
Q. Well, let me ask you this: Do you have anything against Mr. Byes?
A. No.
Q. He's been in jail all this time, correct?
A. Yes.
Defense counsel voiced no contemporaneous objection to the prosecutor's question. Under La.Code Cr.Proc. Art. 841, a contemporaneous objection is required to preserve an error for appellate review. State v. Ratcliff, 416 So.2d 528 (La.1982). Because counsel did not lodge a contemporaneous objection, he waived the objection. State v. Huizar, 414 So.2d 741, 749 (La.1982).

ERRORS PATENT:
The trial judge erred in failing to grant defendant credit for time served as is required under La.Code Cr.Proc. Art. 880. Additionally, La.Code Cr.Proc. Art. 930.8 dictates that, except under certain limited circumstances, a defendant must file his application for post conviction relief within three years after his judgment of conviction. Section C of this article provides that "At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief." Neither the transcript of Byes' original sentencing nor that of the multiple bill sentencing reflect he was so informed. The appropriate remedy is to instruct the trial court to inform Byes of the provisions of La.Code Cr.Proc. Art. 930.8 by sending written notice to defendant within ten days of the rendering of this opinion and to file written proof in the record that defendant received the notice. See State v. Kershaw, 643 So.2d 1289 (La.App. 5th Cir.1994).
Accordingly, for the reasons stated defendant's conviction and sentence are affirmed. This matter is remanded to the district court to (1) amend the commitment to give credit for time served, and (2) inform Byes of the provisions of La.Code Cr.Proc. Art. 930.8 by sending written notice to him within ten days of the rendering of this opinion, and (3) file written proof in the record that Byes received the notice.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] In State v. Byes, 94-KH-184 (La.App. 5th Cir. 3/28/94) this court denied writs concluding that at the time Byes abandoned the evidence he had not been "unconstitutionally seized."