# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2023

Lyle W. Cayce
Clerk

————————

No. 21-30753

————————

Jessie J. Grace, III,

*Petitioner—Appellee*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-3818

———————————————————————

Before Wiener, Higginson, and Wilson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:[*]

In 1994, Jessie Grace was convicted of second-degree murder in Louisiana and sentenced to life in prison. In 2015, he brought a third habeas petition in state court, alleging *Brady* violations based on newly available grand-jury testimony. The State conceded that favorable evidence had been withheld but argued the evidence was not material. The Louisiana district court granted relief; the Louisiana court of appeals reversed, holding that the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court abused its discretion; and the Louisiana Supreme Court denied certiorari, stating, "Denied. Relator fails to show that the state withheld material exculpatory evidence in violation of *Brady v. Maryland*."

Grace then brought a petition in federal court under 28 U.S.C. § 2254. The district court granted relief under § 2254(d)(1), finding that the withheld evidence was material under *Brady* and that under clearly established Supreme Court precedent, no reasonable jurist could have concluded otherwise.

The State timely appeals. We have jurisdiction under 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 22(b)(3). *See Smith v. Davis*, 927 F.3d 313, 320 (5th Cir. 2019). The State argues that the district court misunderstood and misapplied § 2254(d)(1), that reasonable jurists could have come to the same conclusion as the Louisiana higher courts, and that there was no *Brady* violation at all. Because the district court's opinion did not sufficiently analyze the objective reasonableness of the Louisiana higher courts' decisions, we VACATE and REMAND for the district court to provide an analysis consistent with the requirements of § 2254(d)(1).

## I.

We do not repeat the underlying facts of this case, which have been exhaustively described elsewhere. *See State v. Grace*, 94-KA-295 (La. App. 5 Cir. 9/27/94); 643 So. 2d 1306; *State v. Grace*, 17-451 (La. App. 5 Cir. 11/14/17).

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and its conclusions of law *de novo*, applying the same standards to the state court's decision as did the district court." *Reeder v. Vannoy*, 978 F.3d 272, 276 (5th Cir. 2020) (per curiam) (quoting *Jenkins v. Hall*, 910 F.3d 828, 832 (5th Cir. 2018)).

No. 21-30753

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (per curiam). Under 18 U.S.C. § 2254(d)(1), "habeas relief may be granted only if the state court's adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of,' Supreme Court precedent that was 'clearly established' at the time of the adjudication." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419–20 (2014)). "This means that a state court's ruling must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Put otherwise, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Woods v. Etherton*, 578 U.S. 113, 116–17 (2016) (per curiam) (internal quotation marks and citation omitted).

The determination at issue in this case is the Louisiana higher courts' holding that the State did not violate its *Brady* obligation to disclose material exculpatory evidence to the defense. Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The rule in *Brady* applies to evidence undermining witness credibility. *Giglio v. United States*, 405 U.S. 150, 153–54 (1972). Here, the State concedes all elements of a *Brady* violation except materiality.

"Evidence qualifies as material when there is any reasonable likelihood it could have affected the judgment of the jury." *Wearry v. Cain*, 577 U.S. 385, 392 (2016) (per curiam) (internal quotation marks and citation omitted). The defendant "need not show that he 'more likely than not'

3

would have been acquitted had the new evidence been admitted." *Id.* The defendant "must show only that the new evidence is sufficient to undermine confidence in the verdict." *Id.* (internal quotation marks and citation omitted). In other words, the question is whether "the withheld evidence in the context of the entire record" is such that, "had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. United States*, 137 S. Ct. 1885, 1893 (2017) (internal quotation marks and citations omitted).

## II.

The Supreme Court has provided directions to federal courts in the § 2254(d)(1) context, but the district court's opinion in this case did not wholly follow them. First, in *Shinn v. Kayer*, the Court considered a Ninth Circuit opinion granting relief under § 2254(d)(1) and stated that it was "fundamentally inconsistent" with AEDPA:

> The panel essentially evaluated the merits *de novo*, only tacking on a perfunctory statement at the end of its analysis asserting that the state court's decision was unreasonable. In other words, it appears to have treated the unreasonableness question as a test of its confidence in the result it would reach under *de novo* review.

141 S. Ct. 517, 523 (2020) (per curiam) (cleaned up).

The district court's opinion in this case is susceptible to a similar concern. The opinion contains less than six pages of analysis, only some of which discusses *Brady* materiality, and only one paragraph of which concludes that the state courts' conclusions were objectively unreasonable. The opinion appears to provide a *de novo* analysis followed by a brief statement that the state courts were objectively unreasonable to come to a different conclusion. We disagree with Grace's suggestion that the facts of this case are so extreme that this depth of analysis is sufficient.

No. 21-30753

Second, when we evaluate a state court's decision under § 2254(d)(1), "we may not use this circuit's precedent to 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced.'" *Reeder*, 978 F.3d at 276 (alteration in original) (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per curiam)). In fact, the Supreme Court has stated that a federal habeas court "may not 'consul[t] its own precedents, rather than those of [the Supreme] Court,'" when making such evaluations. *White*, 572 U.S. at 420 n.2 (first alteration in original) (quoting *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (per curiam)).[1]

The district court opinion's analysis of *Brady* materiality relies heavily on Fifth Circuit precedent and minimally on Supreme Court precedent. We note, in particular, the absence of discussion and application of *Wearry*, 577 U.S. 385, *Smith v. Cain*, 565 U.S. 73 (2012), and *Kyles v. Whitley*, 514 U.S. 419 (1995). Grace argues that the district court's citations to Fifth Circuit precedent could be replaced with citations to equally specific Supreme Court precedent, especially *Davis v. Alaska*, 415 U.S. 308 (1974). Whether that is so is a matter we leave to the district court to elaborate and explain on remand.

Third, "[d]eciding whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018) (internal quotation marks and citations omitted). "[W]hen the last

---

[1] This is, of course, compatible with the fact "we may 'look to circuit precedent to ascertain whether [we have] already held that the particular point in issue is clearly established by Supreme Court precedent.'" *Reeder*, 978 F.3d at 276–77 (alteration in original) (quoting *Marshall*, 569 U.S. at 64).

state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion . . . , a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* at 1192. But the issue "is more difficult . . . when the relevant state-court decision on the merits, say, a state supreme court decision, does not come accompanied with those reasons." *Id.*

It has been a point of dispute in this case whether *Wilson* requires the court to "look through" the minimally reasoned opinion of the Louisiana Supreme Court and to focus on the reasoning of the Louisiana court of appeals. The alternative to *Wilson* would require the district court to consider hypothetical lines of reasoning that would support the Louisiana Supreme Court's opinion. *See Richter*, 562 U.S. at 103. These hypothetical lines would presumably include the reasoning of the Louisiana court of appeals.

Regardless of whether *Wilson*'s "look through" method applies, the district court opinion did not sufficiently train its attention on state court reasoning—actual or hypothetical—and analyze it with the deference that § 2254(d)(1) requires. Because we are a court of review, and because we recognize the district court's depth of knowledge about this long-running case, we return this case to the district court to produce an analysis that conforms to Supreme Court direction and the requirements of § 2254(d)(1). We give no view as to the conclusion the district court should reach on remand.

## III.

We VACATE the portion of the district court's December 2, 2021, opinion granting relief under § 2254(d)(1) and the final judgment and REMAND for further proceedings consistent with this opinion.