SCHOTT, Judge.
Defendant was convicted of second degree battery in violation of R.S. 14:34.1 and sentenced to five years at hard labor. In his only assignment of error he asserts that the sentence is unconstitutionally excessive.
We have examined the record for errors patent and find none.
The evidence adduced by the state established these facts: The victim, Lawrence James, a New Orleans policeman, was working an extra detail on the night of March 25, 1984 at a car dealership. When he noticed a vehicle stopping at the used car lot and its driver, the defendant, getting out, he became suspicious because of a recent rash of vandalism to the used cars. Although defendant returned to his car without incident, James decided to follow him. James temporarily lost him, but he later found defendant in front of a nearby bar. When he approached defendant James identified himself as a policeman and defendant immediately became belligerent and began to flee. For a short time James pursued him, but gave up the chase because he felt there was insufficient evidence against defendant to warrant further investigation. As James was returning to his car defendant threw a brick at James striking him in the back of the head. He suffered a fractured skull and injuries to the left shoulder and back, and he required eighteen stitches.
Defendant does not seriously contend that the trial court failed to articulate the sentencing guidelines contained in C.Cr.P. Art. 894.1. His principal argument is that the maximum sentence which defendant received was excessive because he was not the worst offender committing the worst kind of offense. He also cites a number of cases in which others convicted of second degree battery received lesser sentences.
At the sentencing hearing defendant expressed contrition for his offense and placed the blame for his conduct on his experiences in the Vietnam war. The trial judge made the following statement after hearing from defendant:
“BY THE COURT:
The defendant stands convicted by a jury of the crime of second-degree battery. The Court has considered the sentence in light of the guidelines set forth in the Code of Criminal Procedure, Article 894.1, and finds as follows:
*91 The defendant is 34 years old, unmarried, and has no consistent record of employment. He is apparently addicted to heroin, as he is undergoing the Methadone Program.
His criminal record shows arrests for thefts, forgeries, possession of Preludes and sale and possession of heroin, automobile theft, with convictions for possession of heroin in 1976 and theft in 1980.
The defendant’s conviction grew out of an altercation with a police officer during which the defendant threw a brick at the officer. The brick was thrown with such force that it broke into three pieces. The officer’s skull was fractured and his scalp torn by the blow. The officer was unarmed and had his back to the defendant as he was walking away.
In view of the defendant’s substantial criminal history and the unstable emotional condition evidenced by such an inappropriate use of deadly force, this Court feels the need of correctional treatment that can be provided most effectively by his commitment to an institution.
It is therefore, the sentence of this Court that the defendant, Russell Bowie, serve five years at hard labor in the custody of the Department of Corrections with credit for time served.”
A trial judge is vested with wide discretion in imposing sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982). Such discretion necessarily precludes iron clad uniformity in sentences so that the sentence imposed by one judge has little bearing on the question of the appropriateness of another judge’s sentence. Even so, none of the cases cited by defendant are exactly like this one. Finally, while defendant makes a respectable argument that he is not the worst offender and doesn’t deserve the maximum sentence, we are not convinced that the trial judge abused his wide discretion in reaching the opposite conclusion.
AFFIRMED.