528 So.2d 252 (1988)
STATE of Louisiana
v.
Melvin SLOAN.
No. CR 87-1314.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1988.
*253 Joseph D. Toups, Jr., Mansfield, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Melvin Sloan, pleaded guilty to the crime of second degree battery, a violation of La.R.S. 14:34.1. He was sentenced to serve five years at hard labor with the sentence to run consecutively to any other sentence defendant must serve. Defendant appealed urging only that the trial judge failed to comply with La.C.Cr.P. art. 894.1 and that the sentence imposed is excessive.

FACTS
On or about May 16, 1986, defendant, Melvin Sloan, a 31 year old male, struck Dan Garner in the head with a piece of aluminum pipe. Defendant was charged by bill of information with aggravated battery, a violation of La.R.S. 14:34. Pursuant to a plea bargain, the State agreed to dismiss an accessory after the fact to forgery charge pending against defendant in a separate proceeding in exchange for defendant's plea of guilty to the reduced charge of second degree battery. A presentence investigation was ordered. On September 23, 1987, defendant was sentenced as hereinbefore mentioned.
The presentence investigation report reveals that defendant has an extensive adult criminal record. He was arrested 13 times, five of which resulted in convictions. In 1972, defendant was convicted of criminal mischief. In 1975, he was charged with second degree murder and subsequently convicted of manslaughter. He was sentenced to nine years at hard labor for this conviction. Defendant received a good time discharge for this offense on December 15, 1980. Defendant was convicted of four counts of forgery in 1985 and was sentenced to serve three years, suspended and placed on three years supervised probation. Additionally, defendant was convicted of criminal neglect of family. We observe that eight of defendant's arrests were for crimes of violence. Defendant also has a juvenile record.
The legal principles applicable to appellate review of sentences are well established and require neither reiteration nor citation of authority.
The record confirms the trial court's meticulous compliance with the provisions of La.C.Cr.P. art. 894.1. Although defendant is classified as a second offender and, therefore, not eligible for a probated or suspended sentence, the trial judge considered the factors of Article 894.1 relative to determining whether to suspend or probate a sentence. The trial court concluded that, given defendant's long history of violence and past criminal conduct, there was an undue risk defendant would commit another *254 crime during the period of a suspended sentence or probation. The trial judge also stated that a lesser sentence would deprecate the seriousness of the crime committed by defendant. We conclude that the record reflects strict compliance with La.C. Cr.P. art. 894.1.
Defendant also urges that the trial judge erred in imposing an excessive sentence. We disagree.
Although defendant's sentencing exposure was reduced by a plea bargain, he was nevertheless sentenced to the maximum term at hard labor under the statute to which he pleaded guilty, i.e., five years.
With reference to the imposition of maximum sentences, the Louisiana Supreme Court, in State v. Jones, 398 So.2d 1049 (La.1981), stated, at page 1053:
"... Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender."
The defendant can be categorized as the worst type of violent offender. He had prior convictions for aggravated battery and manslaughter. His imprisonment for those prior crimes obviously had no deterrent effect on his deviant conduct. Additionally, as previously noted, eight out of defendant's 13 prior arrests involved crimes of violence. It is obvious from defendant's adult criminal record that he has no regard for the law. Fortunately, the victim in this case sustained only minor injuries to the head which did not require medical attention. However, there is great risk of severe injury when someone is forcefully struck in the head with a metal pipe. Defendant's sentence of five years at hard labor, even though it is the maximum possible, does not amount to the purposeless and needless imposition of pain and suffering. Defendant's assignments of error lack merit.
For the foregoing reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.