531 So.2d 1169 (1988)
STATE of Louisiana
v.
John K. LEWIS.
No. 88-KA-0078.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for State.
Martin E. Regan, Jr., New Orleans, for defendant.
Before WARD, WILLIAMS and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant John K. Lewis seeks reversal of his conviction for possession of cocaine with intent to distribute on the basis of the fact that he was not present in court when seven of the twelve jurors were chosen. We reverse and remand for retrial.
Lewis was arrested December 20, 1986, when police officers patrolling in the St. Thomas project observed him place a clear plastic bag containing cocaine in the waistband of his pants. He was charged with violation of LSA-R.S. 15:529.1 on February 17, 1987. The record reflects that defendant failed to appear for his arraignment both on February 19 and February 23, but pled not guilty at his arraignment on February 26, 1987. The defendant also failed to appear for motion hearings on March 12, 1987.
When the case went to trial on May 20, 1987, the defendant, who was out on bond, was not present at 8:30 a.m. when proceedings were scheduled to begin. When the defendant had not shown by 9 a.m., the trial judge decided to begin jury selection without the defendant's presence, over the objection of defense counsel. Citing the defendant's history of tardiness and failure to appear, the trial judge refused defense counsel's motion for continuance. The judge stated specifically that the defendant had waived his right to be present. Before the jury was impaneled, the judge instructed members of the voir dire that no significance should be attached to the defendant's absence.
After selection of seven jurors, the defendant arrived. Following selection of the remainder of the jury members, defense counsel informed the judge that the defendant had been late because he experienced car trouble on his way to court from Avondale, La., where he had spent the night. Defense counsel explained that the defendant had walked to a convenience store to call a tow truck, where he contacted a policeman who promised to inform the court of the reason for the defendant's *1170 tardiness. The defense then requested a mistrial, which the judge refused, finding the defendant's absence had been voluntary. The judge then found the defendant in contempt of court and sentenced him to 60 days in prison. The defendant was tried and found guilty of the charged offense. On the basis of a multiple bill, he was sentenced to 15 years at hard labor with credit for time served and no good time eligibility.
At a hearing on a motion for new trial filed by the defendant, Lewis' story that he had experienced car trouble which prevented him from arriving in court on time was corroborated by Officer Kenneth Bivens and Deborah Osby. Officer Bibbins stated that Lewis called him between 8 and 8:30 that morning and asked for a ride to court. Bivens stated that he called the district attorney's office twice to inform someone that the defendant would be late, but was told that court had already begun. Ms. Osby stated that Lewis had stayed at her house in Avondale the night before the trial and that she awakened him at 6 a.m. so that he could get to court on time. She stated that Lewis called her between 7:30 and 7:45 to tell her he was coming back to her house with a tow truck. Ms. Osby testified that when the defendant arrived, he called several friends until he could find someone to give him a ride to court. The defense also presented a receipt from the towing company.
Following the hearing, the judge denied the motion for new trial, stating that the defendant had placed himself in a precarious position by staying across the river the morning before an important trial, instead of staying at the address which he had reported as his residence and which is very close to the court. The judge also reviewed the defendant's history of tardiness.
The pertinent Code of Criminal Procedure articles provide, in pertinent part, as follows:
A defendant charged with a felony shall be present:
. . . . .
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
La.C.Cr.P. art. 831.
A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present. However, the defendant may always object to his absence at the arraignment or plea to the merits, provided the objection is made before the commencement of trial.
C.Cr.P. art. 832. (Emphasis added.)
Therefore, the trial judge was justified in denying the defendant's motion for mistrial and motion for new trial only if his absence during jury selection was "voluntary." We find as a matter of fact that the absence was not voluntary. Defendant presented sufficient evidence to prove that he had car trouble. The fact that the defendant had been tardy for other proceedings should have no effect on whether he voluntarily selected to absent himself from the court on the day in question. Once the defendant proved that his absence was involuntary and unavoidable, the judge should have granted a mistrial or a new trial.
La.C.Cr.P. art 831 requires the defendant's presence during jury selection; the only exception to the requirement is when the defendant is voluntarily absent. The judge has no discretion to make other exceptions. The defendant cannot be deprived of his statutory rights because he was late on previous occasions. The judge had the option of taking other types of individual action against the defendant, such as the contempt ruling, but was not justified in allowing jury selection without him. Denial of the motions was an abuse of discretion.
For the reasons stated above, the judgment of the trial court is reversed and the case is remanded for retrial.
REVERSED AND REMANDED.