576 So.2d 1104 (1991)
STATE of Louisiana
v.
William E. HUMPHREY.
No. Cr 90-562.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1105 Ron Ware, Public Defender Office, Lake Charles, for defendant-appellant.
Elaine B. Solari, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
Defendant, William E. Humphrey, was convicted of possession of cocaine, a violation of La.R.S. 40:967(C). He was sentenced as a habitual offender to serve seven years at hard labor.
On appeal, defendant contends the trial court erred, first, in failing to grant defense counsel's motion for a mistrial when the defendant failed to return to the court room on the second day of trial, and second, in permitting him to be tried and convicted in absentia. We will address these two assignments of error together. Defendant's remaining two assignments were not briefed and we therefore consider them abandoned. State v. Ray, 547 So.2d 1350 (La.App. 3d Cir.), writ denied, 553 So.2d 470 (La.1989).
The record indicates the defendant was present in court with his attorney on the day his case was set for trial. Although the defendant was in custody subsequent to his arrest, he was released from his bond obligation on the morning of trial after a preliminary examination was held. Other preliminary matters were conducted that day and a jury was impaneled. The court then recessed until the next morning.
When defendant failed to appear the following morning, efforts were made to locate him but were unsuccessful. By that afternoon, the court received word that defendant may have gone to Iowa and would not return. The judge decided to proceed with the trial but gave defense counsel further opportunity to locate his client before putting on a defense. Defendant was ultimately convicted in absentia and was returned to the court approximately six weeks later.
La.C.Cr.P. art. 831 establishes the times when a defendant's presence is necessary during the course of a felony prosecution. La.C.Cr.P. art. 832 provides that a defendant may not object to his temporary voluntary absence at the proceedings listed in Article 831 if his attorney was present. In State v. Ray, we held that the phrase "temporary voluntary absence" means "any absence from a trial after it has commenced which is caused by the will or choice of the defendant." 547 So.2d 1350, at 1356.
Defendant herein freely and voluntarily chose to absent himself from his trial. By his actions, defendant waived any rights he may have under Article 831, the Louisiana Constitution, or the Sixth and Fourteenth Amendments to the United States Constitution. As we said in State v. Ray, we will not allow a defendant to manipulate and frustrate the speedy trial and prosecution of criminal cases by absenting himself from a trial which has already commenced whenever he chooses to do so. 547 So.2d 1350, at 1356.
Defendant urges us to distinguish State v. Ray on the basis that Ray's trial proceeded not only against Ray in absentia, but also against a codefendant who was present throughout the trial with his counsel. Another variation between this case and State v. Ray is the fact that Ray failed to appear at all for his first scheduled trial and then failed to return after the noon recess during his rescheduled trial. These factual differences do not undermine the well-reasoned rule articulated in State v. Ray. Defendant chose to abuse his rights and, in doing so, waived them. We find no reason to give defendant further opportunity to abuse and thwart the judicial process.
We find no error in the trial court's decision not to grant a mistrial and try the defendant in absentia after he voluntarily left his trial which had already commenced, leaving his counsel to represent him.
*1106 For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.