798 So.2d 1090 (2001)
STATE of Louisiana
v.
Jimmy GRAVES.
No. 01-0156.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
Rehearing Denied November 28, 2001.
*1091 Douglas L. Hebert, Jr., District Attorney 33rd JDC, Sharon Darville Wilson, Asst. D.A., Oberlin, LA, Counsel for Plaintiff/Appellee State of Louisiana.
Charles Dean Jones, Monroe, LA, Counsel for Defendant/Appellant Jimmy Graves.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GLEN B. GREMILLION, Judge.
In this case, the defendant, Jimmy Graves, appeals his conviction for the crimes of possession with intent to distribute marijuana and possession with intent to distribute cocaine, claiming that the trial court erred in allowing his trial to proceed in his absence. He also appeals his sentence claiming it was excessive. For the following reasons, we affirm.

FACTS AND PROCEDURE
The State charged Defendant in a bill of information with possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A), possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A), and conspiracy to commit possession with intent to distribute marijuana and cocaine, a violation of La.R.S. 14:26, La.R.S. 40:967(A)(1), and La.R.S. 40:966(A)(1). Defendant, who was present in court with his court appointed counsel, was tried by jury beginning on February 14, 2000. At that time, Defendant requested a continuance which was denied by the trial court. Thereafter, a motion to enroll by an attorney retained by Defendant was denied by the trial court. Defendant then made a motion to discharge his court-appointed attorney, which was also denied by the trial court. At that point, the jury was selected and the trial was recessed until the following day.
On February 15, 2000, the trial began with a reading of the bill of information and opening statements. The State began its case in chief and rested at the end of the day, after which the trial was continued until 9:00 a.m. the next day. On February 16, 2001, before trial could commence, Defendant complained of chest pains and the trial court sent him to the local hospital in Oakdale and from there he was transported to the Huey P. Long Hospital in Alexandria. The trial was continued until the next day.
On February 17, 2000, at 2:00 p.m., Defendant was not present in court, but the trial continued with his court-appointed attorney present. No evidence was offered on behalf of Defendant other than a proffer of a taped conversation between Defendant and a co-defendant. Defense Counsel then orally moved for a mistrial claiming Defendant's absence from trial was involuntary because of his medical condition. At that time, Defense Counsel informed the trial court that Defendant contacted him the night before and told him that he had a medical emergency that required his transportation to Huey P. Long Hospital. In support of his motion for mistrial, Defense Counsel proffered a doctor's note excusing Defendant from "work" or "school" between February 16 and February 22, 2000. In addition, Defense Counsel proffered a discharge slip from the Huey P. Long Hospital.
*1092 The trial court denied the motion for a mistrial, and closing arguments were made. The jury deliberated, and subsequently returned a verdict of guilty of possession with intent to distribute marijuana and guilty of possession with intent to distribute cocaine. The jury attempted to lodge a verdict of not guilty of conspiracy to commit possession with intent to distribute marijuana and cocaine. The trial court, however, found that that verdict was in an improper form and, thereafter, the charge was dismissed by the State. Finally, the trial court issued a bench warrant for Defendant's arrest.
On February 22, 2000, the trial court read the jury verdict to Defendant in his presence and ordered a presentence investigation report. Defendant then filed a motion for new trial. A hearing on the motion for new trial was held on March 6, 2000, after which the trial court denied Defendant's motion and refused to reconsider his ruling on Defendant's motion for mistrial. Defendant was subsequently sentenced to twenty years at hard labor, with five years suspended conditioned on five years supervised probation for the crime of possession with intent to distribute marijuana. He was also sentenced to twenty-five years at hard labor, with ten years suspended conditioned on five years of supervised probation for the crime of possession with intent to distribute cocaine. Both sentences were ordered to run concurrently. Defendant orally moved for an appeal.

DEFENDANT'S ABSENCE AT TRIAL
In this assignment of error, Defendant argues that the trial court erred by allowing his trial to proceed in his absence. The statute governing a defendant's presence during trial proceedings is La.Code Crim.P. art. 831, which states, in pertinent part:
A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
. . .
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.
However, the Louisiana Code of Criminal Procedure sets forth exceptions to the rule that a defendant must be present during a jury trial. La.Code Crim.P. art. 832 states, in part:
A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and:
(1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial[.]
In denying Defendant's motion for mistrial, the trial court said:
That request is denied. Just for the record, I'll state that yesterday through my communications with the hospitals, even though Mr. Graves had some sort of purported medical emergency, there were no significant findings by the Oakdale Community Hospital nor were there any significant findings by Huey P. Long Hospital. And the doctor's excuse which you showed me is simply a *1093 generic excuse which says, "Please excuse Mr. Graves from work or school." And then it just goes on to say for the week of February 16th through 22nd, 2000, with the notation that the plaintiff needsthe patient needs rest. So the Court does not find that there is any medical emergency which would prevent Mr. Graves from presenting for trial. Inasmuch as we're in the middle of the trial, the Court is of the opinion that he is voluntarily absent from trial and we will proceed with his absence.
At the conclusion of the hearing on his motion for new trial, the trial court denied the Defendant's motion giving the same reasons for its denial of the motion for mistrial.
The article governing a motion for a new trial is La.Code Crim.P. art. 851, which states, in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
. . . .
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error[.]
Defendant relies on the case of State v. Lewis, 531 So.2d 1169 (La.App. 4 Cir.1988) and State v. Bindom, 460 So.2d 68 (La. App. 1 Cir.1984) for the proposition that his medical condition rendered him involuntarily absent from the trial. In Lewis, our colleagues on the Fourth Circuit reversed a trial court's ruling denying the defendant's motion for mistrial in a case where the defendant could not be present after the trial had already begun because he could not find transportation to court. The court reasoned that where the defendant presented sufficient evidence to show that his absence was not voluntary because he was unable to secure other means of transportation to the trial, the trial court erred by not granting his motion for mistrial. The appellate court wrote:
Therefore, the trial judge was justified in denying the defendant's motion for mistrial and motion for new trial only if his absence during jury selection was "voluntary." We find as a matter of fact that the absence was not voluntary. Defendant presented sufficient evidence to prove that he had car trouble. The fact that the defendant had been tardy for other proceedings should have no effect on whether he voluntarily selected to absent himself from the court on the day in question. Once the defendant proved that his absence was involuntary and unavoidable, the judge should have granted a mistrial or a new trial.
La.C.Cr.P. art. 831 requires the defendant's presence during jury selection; the only exception to the requirement is when the defendant is voluntarily absent. The judge has no discretion to make other exceptions. The defendant cannot be deprived of his statutory rights because he was late on previous occasions. The judge had the option of taking other types of individual action against the defendant, such as the contempt ruling, but was not justified in allowing jury selection without him. Denial of the motions was an abuse of discretion.
Lewis, 531 So.2d at 1170 (emphasis added).
We note that Lewis is the only case we could find where the defendant presented a reason for his absence. The Bindom case is easily distinguished from the case at hand. In that case, not only was the defendant not present for trial, but his *1094 court-appointed trial attorney left on the day of the trial for emergency reasons and another attorney was appointed to try the case when it resumed without the defendant present. In reversing the trial court, the appellate court relied both on the defendant's absence and on the fact that his newly appointed trial attorney had no time for preparation, together with the fact that the defendant was absent for the entire adversarial portion of the trial. However, we note that the defendant gave no reason for his absence. In this case, Defendant's court-appointed attorney had adequate time to converse with him in order to prepare for trial and Defendant was present for the entire adversarial portion of the trial, missing only the closing statements of counsel.
In cases where the defendants either failed to present reasons for their absences or attempted to escape, the appellate courts have uniformly held that their absences were voluntary and that the trial courts were justified in allowing the trials to continue against the defendants in absentia. In particular, in State v. Williams, 96-476 (La.App. 3 Cir. 4/30/97); 693 So.2d 870, writ denied, 97-1365 (La.10/31/97); 703 So.2d 20, we found that the evidence was sufficient for the trial court to find that the defendant's absence was voluntary where he attempted to escape to Ontario, California, and was later arrested in California pursuant to a bench warrant.
In State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96); 670 So.2d 671, the defendant did not appear on his trial date and later did not present a reason for his absence, but acknowledged that he was aware of the date on which the trial was supposed to start. We held that the defendant's absence was voluntary and, therefore, the trial court was not required to continue the trial or grant a mistrial because of his absence.
Likewise, in State v. Humphrey, 576 So.2d 1104 (La.App. 3 Cir.1991), where the defendant was released from his bond obligation the morning of trial and failed to appear on the second day, we held that the defendant's absence was voluntary. We further stated that there was no error in the trial court's decision to proceed with the trial in the defendant's absence and, by his voluntary absence, the defendant "waived any rights he may have under Article 831, the Louisiana Constitution, or the Sixth and Fourteenth Amendments to the United States Constitution." Id. at 1105. See also State v. Russell, 98-682 (La.App. 5 Cir. 1/13/99); 726 So.2d 444, writ denied, 99-0469 (La.6/18/99); 745 So.2d 19; State v. Mackey, 96-817 (La. App. 3 Cir. 12/11/96); 687 So.2d 465, writ denied, 97-1814 (La.3/13/98); 712 So.2d 865; and State v. Smith, 587 So.2d 62 (La.App. 4 Cir.1991).
Finally, in determining whether a defendant's absence is voluntary, we stated in State v. Ray, 547 So.2d 1350, 1356 (La. App. 3 Cir.), writ denied, 553 So.2d 470 (La.1989):

The words "temporary voluntary absence" in La.C.Cr.P. Art. 832 mean, in our opinion, any absence from a trial after it has commenced which is caused by the will or choice of the defendant. In the instant case, we interpret the words "temporary voluntary absence" contained in LSA C.Cr.P. Art. 832 in the same manner as "voluntary absence" has been interpreted in the federal jurisprudence. The public policy of enforcing Louisiana criminal law demands that the public interest be protected. This could not be accomplished if the courts and legal proceedings were subject to the will of defendants who could manipulate and frustrate the speedy trial and prosecution of criminal cases by absenting themselves from a trial which had *1095 already commenced whenever they chose to do so. Defendant had the full opportunity to be present at his trial, had he chosen to do so, to defend against the charge brought against him. Any loss of defendant's essential constitutional rights, so that he could not substantially have an opportunity to defend himself, was caused by defendant's own free will and choice.
(Emphasis added).
In State v. Howard, 93-1253 (La. App. 1 Cir. 4/8/94); 635 So.2d 752, our colleagues on the First Circuit reviewed a case in which the defendant moved for a new trial on the basis that on one of the trial dates, he was physically unable to proceed because he was under the influence of cocaine. The appellate court remanded the case for further proceedings to determine his competency to proceed giving the following guidance: "The burden of proof is on defendant to show by a clear preponderance of the evidence that he was incompetent to proceed because of his cocaine ingestion." Id. at 755. Likewise, we hold that it was Defendant's burden in the instant case to prove by "a clear preponderance of the evidence" that he was unable to appear because of his medical condition. Id.
In the present case, the State presented no evidence at the hearing on Defendant's motion for a new trial to contradict his testimony that he had a medical problem that required immediate medical attention other than his comment to his trial attorney to "go ahead and get [his trial] over with," when he left the courtroom on February 16th. The information used by the trial court to deny Defendant's motions for mistrial and new trial was its conversation with hospital personnel that Defendant did not spend the night at the hospital and was not diagnosed with a serious medical condition. The trial court advised Defendant of this conversation with hospital personnel on February 17, 2000. Thus, it was incumbent on Defendant to produce evidence sufficient to show that his medical condition was too poor for him to appear in court on February 17, 2000.
At the hearing on his motion for new trial, Defendant gave uncontroverted testimony that he had a preexisting heart disease requiring medication and, that on February 16, 2000, while the court was in recess, he suffered physical pain in his chest. Because his symptoms resembled those consistent with a heart attack, he believed that it was necessary to seek medical attention. He further testified that he did not intend to be absent on the last day of his trial.
The record does not indicate that the trial court rejected Defendant's testimony regarding his preexisting medical condition, the necessity of his medication, or the physical symptoms he experienced on February 16, 2000. With respect to Defendant's medical condition, the trial court merely found that Defendant did not have a heart attack or any other specifically diagnosed malady that would have necessitated his absence on the last day of his trial.
In our opinion, Defendant did not present any evidence supporting his contention that his medical condition prevented him from appearing at the last day of the trial or that controverted the trial court's findings that he was physically able to attend. We also note that Defendant told his counsel to proceed with trial. Thus, we find that Defendant failed to prove that his absence was involuntary. Accordingly, we hold that the trial court's rulings denying Defendant's motion for mistrial and motion for a new trial were correct, and that this assignment of error is without merit.

*1096 EXCESSIVE SENTENCE
In his second assignment of error, Defendant argues that his sentence is unconstitutionally excessive. However, the record does not indicate that Defendant filed a motion to reconsider sentence. The article governing the time delays for filing a motion to reconsider sentence is La.Code Crim.P. art. 881.1, which states in part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
. . .
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
The record of Defendant's sentencing hearing does not indicate that he orally moved for a reconsideration of his sentence, nor does a review of the record indicate that he filed a written motion to reconsider sentence. Therefore, Defendant is not entitled to a review of his sentence for excessiveness. La.Code Crim.P. art. 881.1. See also State v. McCullough, 00-983 (La.App. 3 Cir. 12/12/00); 774 So.2d 1105. However, in the interest of justice, we will review Defendant's sentence to determine if it is unconstitutionally excessive.
Article 1, § 20 of the Louisiana Constitution of 1974 prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may, nevertheless, be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Brown, 94-1290 (La.1/17/95); 648 So.2d 872; State v. Campbell, 404 So.2d 1205 (La.1981); State v. Dubroc, 99-730 (La. App. 3 Cir. 12/15/99); 755 So.2d 297. The trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). A review of Defendant's presentence report shows that he has engaged in criminal conduct for over thirty years. He has been convicted of four felonies prior to the instant offense, one of which involved drugs.[1] He has also had numerous misdemeanor convictions including two involving the possession of marijuana. In this case, Defendant was in the possession of a large quantity of illegal substances.[2] Therefore, considering the *1097 facts of this case, together with his previous criminal record, we find that his sentence does not offend our sense of justice nor does it inflict needless pain and suffering, but rather, it meets acceptable penal goals of punishing a career criminal involved in the trafficking of dangerous substances. Accordingly, this assignment of error is without merit.

CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The presentence report shows Defendant was convicted of Selling Narcotic Drugs in Huntsville, Texas, on May 28, 1971; Unauthorized Entry into a Place of Business in Ouachita Parish, Louisiana, on December 17, 1989; Auto Theft in Jefferson County, Texas, on March 3, 1990; and Burglary of Habitat in Harris County, Texas, on August 24, 1994.
[2] The evidence seized from Defendant and introduced at trial was five bundles of Marijuana weighing a total of 2,329.5 grams and cocaine weighing 6.27 grams.