STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-1280

STATE OF LOUISIANA

VERSUS

PATRICK THOMAS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05K4942B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
Shannon J. Gremillion, Judges.

**AFFIRMED.**

James Edward Beal
LA. Appellate Project
P.O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant/Appellant:
Patrick Thomas

Earl B. Taylor
District Attorney, 27th J.D.C.
P.O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-0551
Counsel for Plaintiff/Appellee:
State of Louisiana

Jennifer Ardoin
Assistant District Attorney
P.O. Drawer 1968
Opelousas, LA 70571
(337) 948-0551
Counsel for Plaintiff/Appellee:
State of Louisiana

**GREMILLION, Judge.**

The Defendant, Patrick Thomas, was charged by bill of information filed on April 10, 2006, with aggravated battery, a violation of La.R.S. 14:34. After a jury trial, Defendant was found guilty of second degree battery. Defendant was sentenced on July 10, 2008 to five years at hard labor. Defendant is now before this court asserting that his sentence is excessive. For the following reasons, we affirm.

## FACTS

On the night of September 20, 2005, the victim, Ray Anthony Willis, was at a nightclub called Added Attraction, also known as Butler's. According to the victim, a verbal argument ensued at that location between he and Defendant; the two had been involved in physical altercations in the past. During Defendant's testimony, he denied that a verbal argument occurred at Added Attraction.

Later the same night, the victim and his friend, Mike Williams, proceeded to another establishment called The Back. Defendant was there when the victim arrived. According to the victim, another verbal altercation (but no physical altercation) ensued between the two at The Back. Defendant testified that while he was at The Back, the victim and Williams arrived. The two men approached him, and the victim shoved a bottle in Defendant's face and said, "Yeah, you gonna give me what I want." Defendant testified that he was irate, left The Back, and proceeded to the corner store where the victim and Williams approached him and his brother. According to Defendant, the victim tried to stab him with a broken bottle. Defendant testified that he pulled out his pocket knife and while he and the victim were "tusslin'," Defendant "blocked" and "stucked" him twice in the back.

1

The victim's account of what occurred after leaving The Back varied from Defendant's. According to the victim, as he was walking down Madison Street, Defendant exited a vehicle. The two approached each other, and Defendant pulled out a knife and stabbed the victim in the neck. As the victim turned to run, Defendant stabbed him twice more in the back and told him he should have killed him. The victim was later taken to the hospital and was released the following day.

Dr. William Smith, the emergency room physician that treated the victim, testified that one of the victim's three wounds was in the left supra clavicular fossa, and the other two were in the trapezius muscles. The victim also had a small pneumothorax, "which is a drop - - collapse of the lung." This injury required that the victim be kept for observation, but it was not large enough to require invasive treatment. Dr. Smith confirmed that, in his opinion, the victim's injuries were consistent with those caused by a stabbing. Finding no errors patent, we turn to the only assignment of error.

## EXCESSIVE SENTENCE

Defendant contends the sentence imposed by the trial court is clearly excessive considering the facts of the case. Defendant argues that as a second offender, he should have received a suspended sentence and probation. In support of his claim, Defendant essentially contends that the victim stalked him by initially approaching him prior to the first argument, and approaching him on the street. Finally, Defendant points out that at the sentencing proceeding, there was testimony presented that the victim entered Defendant's cell and attacked him while both were incarcerated after trial. Defendant asks that his sentence be vacated and the case

2

remanded for resentencing at which the trial court should give weight to mitigating factors.

At the time of the offense, a person convicted of second degree battery could be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both. La.R.S. 14:34.1. Defendant was sentenced to serve five years at hard labor. A motion to reconsider sentence was not filed in this case.

In *State v. Baker*, 08-54 p. 12-13 (La.App. 3 Cir. 5/7/08), 986 So.2d 682, 691-92, this court stated:

> Although defense counsel objected to the sentences at the sentencing hearing, a review of the record shows that the defendant failed to file a written motion for reconsideration of sentence as required by La.Code Crim.P. art. 881.1. Thus, the defendant is precluded from raising the excessiveness of his sentences on appeal. *State v. Hillman*, 613 So.2d 1053 (La.App. 3 Cir.), *writ denied*, 617 So.2d 1181 (La.1993). Although the defendant's sentencing claims are barred pursuant to La.Code Crim.P. art. 881.1, this court will review the defendant's sentences for aggravated criminal damage to property "for bare excessiveness in the interest of justice." *State v. Davis*, 06-922, p. 2 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, 203 (citing *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420). This court has also reviewed claims regarding the consecutive nature of sentences using a bare claim of excessiveness analysis. *Id*.
>
> > The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11

(La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

In *State v. Hopkins*, 96-1063, p. 7 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541, this court stated:

Normally, courts impose maximum sentences upon the most serious violations of the described offense, and for the worst kind of offender. *State v. Sloan*, 528 So.2d 252 (La.App. 3 Cir. 1988). Courts have upheld maximum sentences for second degree battery in situations of particularly violent attacks, or for offenders with violent criminal records.

In this case, because the evidence supported the greater charge of aggravated battery, we find that the sentence imposed was appropriate. Because the conduct involved is not adequately described by the conviction, the defendant need not be the "worst type of offender" to receive the maximum sentence. *State v. Holland*, 544 So.2d 461 (La.App. 2 Cir. 1989), *writ denied*, 567 So.2d 93 (La.1990).

At the sentencing hearing, David Sonnier, who was in "A Block" with Defendant the previous year, testified that the victim came into the block and started "fussing with [Defendant] and he started fighting with [Defendant]" while Defendant was sleeping. Defendant testified at the sentencing proceeding that during that particular incident, the victim hit him in his jaw. A fight ensued, and both men were injured. Defendant testified that he went to the doctor, but did not receive any medical treatment. Deputy Calvin Moore, Warden of the St. Landry Parish Jail, testified that the victim received twelve stitches in his mouth as a result of this incident. Deputy Moore testified that it was "[u]nknown who started what," but both individuals were charged.

4

Another witness, Patrick Bryant, testified at the sentencing hearing. Bryant testified that he and Defendant were in an elevator in the courthouse together, and the victim "come from outside" and told Defendant that he was a dead man walking.

At the request of defense counsel, the trial court stated it would consider the incidents testified to at the sentencing proceeding. Prior to imposing Defendant's sentence, the trial court stated:

> The defendant is 42 years of age and is classified as a second felony offender, although he has approximately twenty-eight separate encounters with law enforcement agencies beginning on January 3, 1984. Fifteen of those encounters were classified as encounters concerning crimes against a person. The defendant was convicted of four misdemeanors. The pre-sentence investigation states that the victim reported that after the defendant stabbed him three times, he told the victim, "You're lucky I didn't kill you."

> On October 28, 2008, the defendant allegedly beat the victim while they were both incarcerated resulting in the victim requiring twelve stitches in the facial or mouth area. There is pending a second degree battery charge in that matter and as indicated or testified to by the Warden today, apparently both inmates were charged with that altercation or altercations.

> There is an undue risk that during the period of a suspended sentence or a probation, that the defendant will commit another crime. The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. A lesser sentence will deprecate the seriousness of the defendant's crime. There are no mitigating circumstances except - - there are circumstances but there are not mitigating, in that there was the second altercation between these individuals after the original conviction or the conviction subject of this matter. There is certainly no remorse by this defendant indicated by the second altercation.

> Accordingly, the Court sentences the defendant as follows: five years at hard labor with credit for time served.

Defendant received the maximum term of imprisonment, but no fine was imposed. We reference two cases involving excessive sentence claims for convictions of second degree battery. In *State v. Bowie*, 482 So.2d 90 (La.App. 4 Cir.

5

1986), the fourth circuit found the sentencing judge did not abuse his discretion in imposing the maximum five-year sentence for second degree battery where the defendant threw a brick at the back of an unarmed police officer, which resulted in the officer's skull being fractured and his scalp torn. The defendant's criminal record showed arrests for thefts, forgeries, automobile theft, and sale and possession of heroin. He had a prior conviction for possession of heroin as well as theft.

In *State v. Smith*, 452 So.2d 251 (La.App. 5 Cir. 1984), the fifth circuit affirmed the imposition of the maximum five-year sentence for a defendant who, upon being requested by a police officer to answer questions regarding an earlier disturbance, struck the officer in the face. Other officers had to be called in before the defendant could be subdued. Both the defendant and officers were injured in the struggle. Along with numerous arrests, the defendant had prior convictions for burglary, jail escape, and second-degree murder.

Considering Defendant's criminal history, the fact that the evidence supported the original, greater charge of aggravated battery, and the subsequent jailhouse fight which demonstrates a patent lack of remorse, we find the imposition of the maximum five-year sentence was not an abuse of the trial court's sentencing discretion. We affirm.

**AFFIRMED.**