NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-1316

STATE OF LOUISIANA

VERSUS

BRIAN KEITH GUILBEAU

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR1204571.1
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

SENTENCE AFFIRMED.

Michael Harson
District Attorney, Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Plaintiff/Appellee:
State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Brian Keith Guilbeau**

**EZELL, JUDGE**.

The Defendant, Brian Keith Guilbeau, was charged by bill of information on June 16, 2008, with second degree battery, a violation of La.R.S. 14:34.1. After Defendant pled guilty, he was sentenced to serve five years at hard labor with credit for time served on June 21, 2010. After his motion to reconsider his sentence was denied, he appealed his sentence to this court asserting that his sentence is excessive. For the following reasons, we affirm Defendant's sentence.

## FACTS

On the night of November 11, 2007, the Defendant and his two brothers, Dustin Guilbeau and Derek Guilbeau, were at bar in downtown Lafayette. A fight ensued in which Burtecin Sapta was injured. All three brothers were arrested and charged by bill of information with second degree battery for the infliction of serious bodily injury.

On July 22, 2008, Defendant entered a plea of not guilty. On three different occasions, trial was continued at the request of Defendant. At a trial set for January 11, 2010, the Defendant was advised of his rights and entered a plea of guilty as charged. A pre-sentence investigation report was ordered.

On June 21, 2010, Defendant was sentenced to the maximum sentence of five years, with credit for time served, pursuant to La.R.S. 14:34.1(C). A motion to reconsider sentence was denied by the trial court. Finding no errors patent, we turn to the only assignment of error.

## EXCESSIVE SENTENCE

Defendant contends the sentence imposed by the trial court is clearly excessive under the circumstances of this case and without sufficient consideration of La.Code Crim.P. art. 894.1. Defendant argues that he is a first felony offender and that the

1

trial court unfairly punished him, holding him responsible for his brothers' actions.

He argues that he only became involved in order to stop the fight.

In *State v. Bradenburg*, 06-1158, p. 28 (La.App. 3 Cir. 2/7/07), 949 So.2d 625,

644, *writs denied*, 07-538, 07-614 (La. 10.26.07), 966 So.2d 571, 573, this court

stated:

> The trial court has wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed constitutionally excessive absent a manifest abuse of discretion. *State v. Evans*, 97-504 (La.App. 3 Cir. 10/29/97); 702 So.2d 1148,*writ denied*, 97-2979 (La.4/3/98); 717 So.2d 231. This court, in *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99); 755 So.2d 297, 311, noted:
>
>> The relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.
>
> *State v. Boudreaux*, 00-1467, p. 12 (La.App. 3 Cir. 4/4/01), 782 So.2d 1194, 1201, *writ denied*, 01-1369 (La.3/28/02), 812So.2d 645 (quoting *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99), 755 So.2d 297, 311). "As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender*." State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169.

The penalty for second degree battery is not more than five years, with or

without hard labor, or a fine of not more than two thousand dollars, or both. La.R.S.

14:34.1(C). As such, Defendant's five-year sentence was the maximum possible

2

sentence he could have received. Defendant, however, was spared a fine.

Neither in his motion to reconsider sentence nor at the sentencing hearing did the Defendant raise the trial court's failure to fully consider mitigating factors pursuant to La.Code Crim.P art. 894.1. Accordingly, this argument cannot be raised for the first time on appeal. See La.Code Crim.P. art. 881.1(E) and Uniform Rules-Courts of Appeal, Rule 1-3. However, we will review the Defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La.10/14/02), 827 So.2d 420.

Defendant contends that the sentence imposed by the trial court is clearly excessive given the fact it was his first felony conviction. He argues that the trial court heard his testimony that he was merely trying to stop the fight and acting in self-defense. The Defendant claims that the trial court incorrectly considered this a hate crime against a person of Turkish descent and in holding him responsible for his younger brothers' actions. The Defendant argues that maximum sentences should only be imposed upon the most egregious offenders citing *State v. Thomas*, 08-1280 (La.App. 3 Cir. 4/1/09), 7 So.3d 802.

The trial court reviewed the pre-sentence investigation report and noted that the Defendant had fourteen arrests. The trial court also observed that Defendant was the oldest of the three brothers and that he was an instigator in the fight. The Defendant also cites the pre-sentence investigation report and argues that the trial court should have considered his alcohol problems, that he was Bi-Polar and Schizophrenic and had been off his medications, and that he was disabled due to an automobile accident.

In *Thomas* this court held that imposition of the maximum five-year sentence for second degree battery was not excessive considering defendant's "criminal

3

history, the fact that the evidence supported the original, greater charge of aggravated battery, and the subsequent jailhouse fight which demonstrate[d] a patent lack of remorse." *Id.* at 806.

We have reviewed the pre-sentence investigation report relied on by the trial court and Defendant in his brief. The pre-sentence investigation report indicates that Defendant has an extensive and long history with fighting and that this incident was especially disturbing. We agree with the trial court that Defendant was deserving of the maximum penalty of five years.

**SENTENCE AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules - Courts of Appeal. Rule 2-16.3.