NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1223

STATE OF LOUISIANA

VERSUS

CHRISTIE J. JETT

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82146
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Christie J. Jett

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District**
**Terry Wayne Lambright**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR STATE-APPELLEE:**
       **State of Louisiana**

**PICKETT, Judge.**

## FACTS

At the time of the defendant's guilty plea, the state established that on April 4, 2011, agents with the Vernon Parish Narcotics Task Force conducted a "knock and talk" at the residence located at 953 McConathy Road. They spoke with the defendant who advised them that he had plants growing in his residence. Agents obtained permission to search the defendant's residence and discovered a closet, made into a grow room, containing seven fluorescent grow lights with eight marijuana plants. Agents also found a baking sheet containing hand-rolled cigarettes, a quantity of marijuana, a pack of rolling papers, two metal pipes, a pair of forceps, and a pair of scissors for marijuana use.

On October 4, 2011, the defendant, Christie J. Jett, was charged by bill of information with the manufacture, production, and cultivation of marijuana, in violation of La.R.S. 40:966(A). Pursuant to a plea agreement, on April 4, 2012, the defendant pled guilty as charged in exchange for the dismissal of charges in an unrelated docket number. The state also agreed not to charge the defendant as a habitual offender. The defendant was sentenced on June 12, 2012, to serve seven years at hard labor, with credit for time served, to run concurrently with any other sentence. The defendant's timely filed motion to reconsider sentence was summarily denied on July 25, 2012.

The defendant is now before this court on appeal, arguing that his sentence is excessive and that the trial court failed to provide sufficient advice as to the time limitation for filing an application for post-conviction relief.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent except the one alleged and discussed in assignment of error number two.

## ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, the defendant argues that his seven-year sentence is excessive for growing eight marijuana plants within one's home for personal use. The defendant stresses that all eight plants fit into one paper bag at the time they were seized. He asserts that the facts presented are akin to simple possession, a misdemeanor offense. The defendant also maintains that the sentence makes no meaningful contribution to societal goals and is nothing more than a needless imposition of pain and suffering.

Neither in his motion to reconsider sentence nor at the sentencing hearing did the defendant raise the mitigating factors of the small number of marijuana plants he was growing or that the marijuana was for his personal use only. Accordingly, this argument cannot be raised for the first time on appeal. *See* La.Code Crim.P. art. 881.1(E) and Uniform Rules—Courts of Appeal, Rule 1-3. However, we have reviewed the defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so

grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(first alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for production and manufacturing of marijuana is five to thirty years at hard labor and a fine of not more than $50,000. La.R.S. 40:966(B)(3). As such, the defendant's sentence was slightly more than the minimum possible

sentence, and he was spared a fine. Additionally, the defendant received a significant benefit from his plea agreement which resulted in a reduction in his sentencing exposure from the dismissal of other charges and the state's agreement to forgo charging him as a habitual offender.

At sentencing, the trial court stated it had considered the sentencing guidelines under La.Code Crim.P. art. 894.1, the contents of the defendant's Presentence Investigation Report, and the fact that the instant offense was the defendant's fourth felony offense. The trial court concluded there was an undue risk that during a period of a suspended sentence or probation, the defendant might commit another crime. The trial court opined that a lesser sentence would deprecate the seriousness of the defendant's crime.

In *State v. Insley*, 04-1006 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, a case factually similar to the instant case, officers noticed five marijuana plants growing in plain view behind the defendant's residence near a shed. The defendant admitted the plants were his and he had been growing them. Following his consent to search the residence, officers found marijuana and drug paraphernalia in the home. The defendant was subsequently charged with cultivation of marijuana, possession of marijuana, and possession of drug paraphernalia. Pursuant to a plea agreement, he pled guilty to attempted cultivation of marijuana, and the remaining charges were dismissed. He was sentenced to serve four years at hard labor and to pay a fine of $1,500.00, plus court costs. In affirming the defendant's sentence on appeal, this court noted he could have received up to fifteen years for the offense, and he received a significant benefit as a result of his plea agreement.

In the instant case, considering the defendant's sentence was near the minimum possible sentence, the benefit received as a result of his plea agreement,

4

and his status as a fourth felony offender, we find that the sentence imposed was not excessive. Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error, the defendant argues that the trial court failed to provide sufficient advice as to the time limitation for filing an application for post-conviction relief. The sentencing transcript reflects the trial court informed the defendant he had two years to file for post-conviction relief.

Pursuant to La.Code Crim.P. art. 930.8, the two-year prescriptive period for filing an application for post-conviction relief begins to run when a defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. As such, the trial court is instructed to inform the Defendant of the correct prescriptive period of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## CONCLUSION

The defendant's sentence is affirmed. The trial court is instructed to inform the defendant of the correct prescriptive period of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

5